ROBERT P. RUSSELL, Corporation Counsel, Milwaukee County
You have requested my opinion on two questions regarding the regulation of rallies and assemblies in Milwaukee County parks under sec. 47.02 of the Milwaukee County Ordinances. First, you ask whether the Milwaukee County Park Commission may prohibit all use of all park buildings for political purposes. Second, apparently anticipating a negative response to the first question, you ask whether the Park Commission may restrict assemblies for political purposes to designated areas of designated parks.
The relevant portion of sec. 47.02, Milwaukee County Ordinances, provides:
 "47.02 Permits Required for Public Meetings, etc. (1) PUBLIC MEETINGS, ETC.; PERMIT. All public meetings, assemblies, entertainments, tournaments or public discussion on any subject, religious, social, political, or otherwise, are prohibited within the limits of any park or parkway, except when a written permit of the Park Commission has first been *Page 17 
granted and then only in areas designated as assembly areas by the Park Commission.
"***
 "(3) PUBLIC SPEACHES [sic]; PUBLIC MUSIC; PERMIT REQUIRED. No person shall make any oration, or harangue, or public speech, nor use any loud speaker or other amplifying equipment; nor shall any person publicly play any music or play upon any musical instrument in any park or parkway without the written permit of the Park Commission."
The methods by which local authorities regulate the use of their parks and other public places have been reviewed many times by many courts, including the United States Supreme Court. Haguev. C.I.O., 307 U.S. 496, 59 S.Ct. 954 (1939); Kunz v. People ofState of N.Y., 340 U.S. 290, 71 S.Ct. 312 (1951); Niemotko v.State of Md., 71 S.Ct. 328 (1951); Schneider v. State of NewJersey, 308 U.S. 147, 60 S.Ct. 146 (1939).
The cases emphatically affirm a municipality's right, indeed its duty, to enact park regulations in the interest of "public safety, health, welfare or convenience." Schneider v. State ofNew Jersey, supra, p. 160. However, it is equally clear that such regulations may not unreasonably restrict one's enjoyment of the fundamental rights of freedom of speech and assembly. The often-quoted language of Hague v. C.I.O., supra, provides an emphatic expression of this balance of public and individual interest and is a useful foundation for my examination of the regulation of assemblies for political purposes in Milwaukee County parks:
 "Wherever the title of streets and parks may rest, they have immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions. Such use of the streets and public places has, from ancient times, been a part of the privileges, immunities, rights, and liberties of citizens. The privilege of a citizen of the United States to use the streets and parks for communication of views on national questions may be regulated in the interest of all; it is not absolute, but relative, and must be exercised in subordination to the general comfort and convenience, and in consonance with peace and good order; but it must not, in the *Page 18 
guise of regulation, be abridged or denied." Hague v. C.I.O., supra, at pp. 515, 516.
The leading Wisconsin case on this subject, Milwaukee County v.Carter, 258 Wis. 139, 45 N.W.2d 90 (1950), involved an earlier version, since amended, of sec. 47.02 (6), Milwaukee County Ordinances, which totally proscribed denominational services and meetings in public parks. Our supreme court, striking down the provision, held that "to deny to the people all use of the people's property for the public discussion of specified subjects is an unconstitutional interference of rights expressly guaranteed by both state and federal constitutions." MilwaukeeCounty v. Carter, supra, p. 146. The court further declared, however, that the "Government may, in the interests of public order, safety, and the equitable sharing of facilities, exercise reasonable control over when, where, and under what conditions public meetings may be held on public property;" Carter, supra, p. 146.
Prohibiting assemblies for political purposes in all park buildings or restricting them to certain areas of certain parks will not result in a total denial of all use of the people's property for public discussion. The crucial question remains, however, whether such restrictions are "reasonable" given the fact that they "abut upon sensitive areas of basic First Amendment freedoms." Baggett v. Bullitt, 377 U.S. 360, 372,84 S.Ct. 1316 (1964).
In assessing the reasonableness of these regulations, two general principles should be kept in mind: first, "the right to use a public place for expressive activity may be restricted only for weighty reasons;" Grayned v. City of Rockford, 408 U.S. 104,115, 92 S.Ct. 2294 (1972); secondly, "reasonable `time, place and manner' regulations may be necessary to further significant governmental interests and are permitted." Grayned v. City ofRockford, supra, p. 115.
By way of illustration, it has been suggested that it would be proper to designate specified areas in a large park or even entire small parks as areas for such activities as family picnicking or athletic endeavors, Collin v. Chicago ParkDistrict, 460 F.2d 746, 760 (7th Cir. 1972), and to limit the number of people who may assemble in a small park in a congested downtown area, Blasecki v. Durham, 456 F.2d 87 (4th Cir. 1972). In addition, the court in Collin indicated it *Page 19 
would be permissible to regulate the time at which park facilities could be used for political assemblies if such regulations were consistently observed as to all applicants, and the regulations were not so restrictive as to have a chilling effect on the exercise of the right of freedom of assembly. Likewise, it may be appropriate to deny a permit for a requested area of a park if an equally appropriate alternate site in thesame park were made available. Collin v. Chicago Park District,supra. Nevertheless, the use of an admittedly appropriate place cannot be denied purely because an alternative site exists.Collin, supra. Such a regulation sweeps too broadly. AS the Supreme Court stated in Schneider v. N.J., supra, p. 163:
 ". . . one is not to have the exercise of his liberty of expression in appropriate places abridged on the plea that it may be exercised in some other place."
With the above foundation, I turn to the questions you ask concerning the regulation of political speech and assembly in Milwaukee County parks. Regarding the prohibition of all use of all park buildings for political purposes, it is my opinion that such a regulation would be unconstitutional under both the federal and the state constitutions. Given the weather in this state and considering the obvious acoustic and convenience advantages a building provides, such a regulation, in fact, means that freedom of speech and assembly will be "so restricted as to become virtually meaningless." Collin, supra, p. 752.
Your second question, whether political assemblies may be limited to certain areas of certain parks, cannot be answered without knowing the number and location of the areas and the reason for the restriction. As a general rule and for guidance in framing a specific provision, it may be said that such regulations "if narrowly tailored to further the State's legitimate interests" may well be considered "reasonable time, place and manner" regulations and, as such, would be permissible. In this regard, I note that the court in Collin specifically reserved the question whether an area the size of Chicago's Marquette Park (which covers some blocks in the south side of Chicago) could be reserved for picnic use only totally precluding use of the park for political speech and assembly purposes. Certainly it is clear that ordinances enforcing partial bans on the use of park areas are reviewed carefully by the courts. *Page 20 
One further point should be made concerning the regulation of political activities in Milwaukee County parks. In addition to having to fall within the guidelines set out in the first part of my opinion, such regulations must also provide explicit, objective standards for those who are to apply them in order to prevent arbitrary and discriminatory enforcement.
 "`It is settled by a long line of recent decisions of this Court that an ordinance which, . . . makes the peaceful enjoyment of freedoms which the Constitution guarantees contingent upon the uncontrolled will of an official — as by requiring a permit or license which may be granted or withheld in the discretion of such official — is an unconstitutional censorship or prior restraint upon the enjoyment of those freedoms."' Staub v. City of Baxley, 355 U.S. 313, 322, 78 S.Ct. 277 (1958).
See also Shuttlesworth v. City of Birmingham, Ala., 394 U.S. 147,89 S.Ct. 935 (1969); Grayned, supra; Niemotko, supra; Kunz,supra; Washburn v. Ellquist, 242 Wis. 609, 9 N.W.2d 121,10 N.W.2d 292 (1943).
Current sec. 47.02, Milwaukee County Ordinances, vests discretion in the County Park Commission with no explicit, objective guidelines or standards to prevent arbitrary application. No mention is made of the terms upon which a permit is to be granted or withheld. It is my opinion that in order to withstand constitutional attack this ordinance, or rules to administer it adopted by the Park Commission pursuant to authority given it under sec. 27.05, Stats., must provide sufficient standards for time, place, and manner of holding political events to ensure that the ordinance will be applied even-handedly to all applicants.
BCL:JJG